IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KARL KEVIN HILL,**

    **Plaintiff,**

v.                                                                                                    **Civil action no. 5:09cv135**
                                                                                                              **(Judge Stamp)**

**MARK CUNNINGHAM,**
**JOHN CUTRIGHT,**
**R. HIMES,**
**K.S. McBEE,**
**UNNAMED DEFENDANTS,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On December 17, 2009, the *pro se* plaintiff, Karl Kevin Hill, initiated this civil rights action pursuant to 42 U.S.C. §1983. On December 18, 2009, an Order was entered granting the plaintiff leave to proceed *in forma pauperis*. On January 11, 2010, the plaintiff paid his required initial partial filing fee. On that same date, the defendant made a special appearance by counsel and filed a Motion to Dismiss.[1] On January 12, 2010, the undersigned issued a Roseboro Notice. On February 9, 2010, the plaintiff filed a response, and on February 16, 2010, the defendants filed a reply. Accordingly this matter is before the undersigned for a Report and Recommendation.

### II. The Pleadings

---

[1]On January 12, 2010, the defendants filed an Amended Motion to Dismiss. The only purpose for filing the Amended Motion was to change counsel of record solely to Michael D. Mullins.

A. **The Complaint**

In his complaint, the plaintiff alleges that on September 22, 2004, the defendants, officers of the West Virginia State Patrol and the Barbour County Sheriff's Department, conducted an illegal search of his home in violation of his Fourth Amendment rights. The plaintiff further alleges that defendants committed criminal trespass and brutalized him while they were in his home. The complaint further alleges that the defendants falsified documents in an effort to coverup their illegal search warrant. Finally, the complaint alleges that on December 22, 2004, members of the West Virginia State Patrol and a special response team broke into his house and conducted an unlawful search of his home which resulted in a wrongful breaking and entering and excessive use of force. For relief, the plaintiff seeks $4,000,000.00 in damages.

B. **The Defendants' Motion to Dismiss**

In support of their Motion to Dismiss, the defendants assert (1) that the plaintiff's complaint fails to state a claim; and (2) the plaintiff's claims are time barred. Accordingly, the defendants move that the plaintiff's complaint be dismissed with prejudice.

### III. Standard of Review

A. **Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

### IV. Analysis

There is no federal statute of limitations for a § 1983 action, and the appropriate state statute applies. Burnett v. Gratten, 468 U.S. 42 (1984). The state statute governing personal injuries is applied to all § 1983 claims. Wilson v. Garcia, 471 U.S. 261 (1985). The state of West Virginia has a two-year statute of limitations for personal injury actions. W.Va. Code § 55-2-12(b).

In his complaint, the plaintiff complains of incidents that happened on September 22, 2004 and December 22, 2004. The complaint does not alleges any continuing conduct , and the plaintiff makes no allegation that the defendants prevented him from discovering the alleged torts. The plaintiff did not file his complaint until December 17, 2009, nearly five years after the later date cited in his complaint. Therefore, the plaintiff did not file this action within two years of the alleged tortuous conduct, and the action is not timely.

In his reply to the defendants' Motion to Dismiss, the plaintiff alleges that he had no notice that the wrongful acts occurred until the fall of 2006, and he was incarcerated in the Federal Bureau of Prisons immediately after receiving that notice. Accordingly, the plaintiff argues that he was prevented from filing this action until recently, and therefore, his action should not be timed barred. Although not stated specifically, a liberal reading of the plaintiff's response would indicate that he is attempting to raise a tolling defense. However, absent specific provisions to the contrary in a tolling statute, there is no exemption because of imprisonment from a statute of limitations. Craigo v. Marshall, et al., 175 W.Va. 72, 331 S.E.2d 510 (W.Va. 195), citing 51 Am.Jur.2d *Limitations of Actions*, §§ 192 and 193 (1970); Annot., 77 A.L.R.3d 735 (1977). In West Virginia there is no tolling of limitations with regard to a prisoner's claim during the period of his incarceration, and therefore, the plaintiff's claim remains untimely.

Finally, to the extent that the plaintiff argues that he was unaware of the laws and statutes of West Virginia, and therefore was not in the position to act in a timely fashion, he again fails to provide

4

a basis for tolling the statute. In West Virginia, the statute of limitations for tort actions begins to run "when the plaintiff knows, or by the exercise of reasonable diligence, should know" (1) that he has been injured, (2) the identity of the alleged tortfeasor, and (3) that the alleged tortfeasor's conduct caused his injury. Dunn v. Rockwell, No. 34716, 2009 W.Va. LEXIS 127 (W.Va. Nov. 24, 2009). Mere ignorance that a cause of actions exists does not toll the statute of limitations:

> [W]hether a plaintiff "knows of" or "discovered" a cause of action is an objective test. The plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action. This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action.

Syllabus Point 4, Dunn supra. Clearly, the plaintiff has acknowledged that he knew by the fall of 2006 that "wrongful acts" had occurred. Therefore, the plaintiff again is not entitled to any tolling of the statute of limitations, and his complaint is untimely under any theory.

## V. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the defendants' Motion to Dismiss (Doc. 12) and Amended Motion to Dismiss (Doc. 15) be **GRANTED** and the plaintiff's complaint (Doc. 1) be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. In addition, the clerk is directed to send a copy to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: February 18, 2010

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE