IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KARL KEVIN HILL

    Plaintiff,

v.                                Civil Action No. 5:09CV135
                                        (STAMP)
MARK CUNNINGHAM,
CHRISTOPHER SHRADER,
JOHN CUTRIGHT,
R. HIMES,
K.S. McBEE and
UNNAMED DEFENDANTS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] plaintiff, Randy Cooper, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations relating to an illegal search of his home by the West Virginia State Patrol and the Barbour County Sheriff's Department on September 22, 2004. The plaintiff claims that during this allegedly illegal search, the officers committed criminal trespass and brutalized him. He further claims that they falsified documents to obtain and then cover-up their illegal search warrant. Additionally, the plaintiff alleges conspiracy and perjury. He next asserts that there was a second illegal search on December 22,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

2004. He claims that this search resulted in a wrongful breaking and entering and excessive force. The plaintiff seeks $4 million in damages as relief.

On January 11, 2010, the defendants filed a motion to dismiss. The following day, they filed an amended motion to dismiss for the purpose of changing the counsel of record. The defendants argue that the plaintiff has failed to state a claim and that his claims are time barred pursuant to the West Virginia Code. The plaintiff filed a response, stating that he did not know of the wrongful acts until 2006, two years after the searches occurred. The plaintiff states that the Bureau of Prisons incarcerated him after he received notice and he could not file the action until recently. The plaintiff also stated that he was unaware of West Virginia law. Thereafter, the defendants filed a reply.

The case was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation. Magistrate Judge Seibert issued a report and recommendation, recommending that both motions to dismiss be granted and that the plaintiff's complaint be dismissed with prejudice against the defendants. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed objections, which he styled "Plaintiff's Answer and

Response to Magistrate's Report and Recommendation." The defendants replied to the plaintiff's objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

Magistrate Judge Seibert recommends that the plaintiff's claims against the defendants be dismissed as untimely. After a de novo review, this Court agrees.

The applicable statute of limitations for a 42 U.S.C. § 1983 action is based on the state limitations period applicable to personal injury claims. Wilson v. Garcia, 471 U.S. 261 (1985). Under West Virginia law, the statute of limitations for a personal injury action is two years. W. Va. Code § 55-2-12. Therefore, a

two-year statute of limitations applies to the plaintiff's § 1983 claims in this case. The plaintiff's claims against the defendants are time-barred because, as the magistrate judge notes, the plaintiff did not file his complaint until December 17, 2009, nearly five years after the second alleged search.

The plaintiff states in his reply to the defendants' motion to dismiss that he did not know of the alleged wrongful acts until the fall of 2006. The magistrate judge correctly analyzed this statement as an attempt by the plaintiff to raise a tolling defense. There is no exemption from a statute of limitations because of imprisonment absent specific provisions to the contrary in a tolling statute. Craigo v. Marshall, 331 S.E.2d 510, 513 (W. Va. 1985). West Virginia has no such tolling provision. Id.

The magistrate judge correctly stated that the plaintiff further fails to provide a basis for tolling the statute of limitations by arguing that he was unaware of West Virginia law. In West Virginia tort actions, the statute of limitations begins to run when the plaintiff knows "(1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury. Syl. pt. 3, Dunn v. Rockwell, --- S.E.2d ----, 2009 WL 4059061 (W. Va. 2009). Knowledge that a cause of action exists is an objective test. Syl. pt. 4, Id. "The

plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action." Id.  The plaintiff stated that he knew of the alleged incidents by the fall of 2006.  This is over three years before the filing of the complaint.  Therefore, his complaint is untimely even under this theory.

IV. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the defendants' motion to dismiss and amended motion to dismiss are hereby GRANTED and the plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    March 19, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE